COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


STUART KATZ, S/K/A
  STUART HARRIS KATZ

                                                            MEMORANDUM OPINION[*] BY
v.        Record No. 1225-08-1            JUDGE ELIZABETH A. McCLANAHAN
                                                                  MARCH 16, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John C. Morrison, Jr., Judge

Daymen W. X. Robinson for appellant.

Benjamin H. Katz, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


A jury convicted Stuart Katz of three crimes committed against his grandson, A.K., a

juvenile, namely, one count of aggravated sexual battery, in violation of Code § 18.2-67.3, and

two counts of indecent liberties, in violation of Code § 18.2-370.  On appeal, Katz argues the

trial court erred in denying his motion to dismiss the charges due to the Commonwealth's failure

to provide to him exculpatory information in the Commonwealth's possession as required by

Brady v. Maryland, 373 U.S. 83 (1963).  Because the trial court correctly ruled that the

information at issue was not exculpatory, we affirm the judgment of the trial court.

I.

A.K. first implicated Katz of sexual molestation when A.K. was at a residential treatment

center in therapy with Blair Smith, a licensed professional counselor specializing in the field of

sexual abuse.  Smith advised the police of A.K.'s allegations against Katz.  Following a police

---

[*]Pursuant to Code § 17.1-413, this opinion is not designated for publication.

investigation, Katz was indicted on a number of sexual molestation related charges, and was ultimately tried and convicted of the three above-referenced crimes.

At Katz's trial, Smith testified for the Commonwealth regarding A.K.'s treatment at the residential treatment center, A.K.'s accusations against Katz while being treated there, and A.K.'s behavioral diagnoses made by his treatment team. During cross-examination, Smith testified A.K. had also indicated while in therapy that "there had been sexual interactions between [A.K.] and his older brother [An. K.]," consisting of anal and oral sodomy. Some of those interactions between A.K. and An. K, Smith further explained, coincided with the time frame during which Katz was sexually molesting A.K.

Based on Smith's testimony regarding A.K.'s statements about sexual interactions with his brother, Katz moved the trial court to dismiss the charges against him. Katz argued the substance of this testimony constituted exculpatory information that the Commonwealth failed to provide to him prior to trial, in violation of Brady. The trial court concluded that the information was not exculpatory, and denied Katz's motion. The trial court also rejected the same argument when Katz presented it to the court in a post-trial motion to set aside the jury's guilty verdicts. Katz challenges these rulings on appeal.

## II.

Due process requires the Commonwealth to disclose to the defendant all favorable evidence material to his guilt or punishment. Brady, 373 U.S. at 86-87; see also Youngblood v. West Virginia, 547 U.S. 867, 869 (2006); Garnett v. Commonwealth, 275 Va. 397, 406, 657 S.E.2d 100, 106 (2008). "A 'true Brady violation' consists of three components: '[1] The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, either willfully or inadvertently; and [3] prejudice must have ensued.'" Bly v. Commonwealth, 55 Va. App. 1, 9,

682 S.E.2d 556, 560 (2009) (*en banc*) (quoting Strickler v. Greene, 527 U.S. 263, 281-82 (1999)). The analysis under Brady thus ends at step one if the evidence at issue is neither exculpatory nor impeaching.

Here, we agree with the trial court that evidence that A.K. was allegedly the victim of more than one known sexual molester during the same general time frame was not exculpatory as to Katz. Significantly, Katz did not present a defense of mistaken identity. Instead, Katz was one of two identified molesters acting independently in separate instances. Thus, evidence about A.K.'s brother, the second identified molester, has no bearing on the guilt or innocence of Katz— any more than evidence that a victim had been robbed by one known assailant would have any bearing on the guilt or innocence of a different assailant whom the victim identified in a separate robbery. In short, the fact A.K. may have been molested by his brother did nothing to exculpate Katz from charges of similar conduct.

Nor did A.K.'s allegations of sexual molestation by his brother present Katz with impeaching evidence. Such evidence, of course, is offered to "discredit the testimony of a witness who has already testified." Charles E. Friend, Law of Evidence in Virginia § 1-3(b), at 7 (6th ed. 2003) (citation omitted). For purposes of demonstrating the impeachment value of the subject evidence, Katz does not point to any place in the record where A.K. asserted that only Katz molested him, or where A.K. denied that his brother had also molested him. Indeed, when asked about his brother on cross-examination at Katz's trial, A.K. stated unequivocally that both his brother and Katz had sexually molested him.[1]

---

[1] Despite the trial court's ruling that evidence of A.K.'s allegations of sexual molestation by his brother was not exculpatory, the court allowed Katz's attorney to cross-examine A.K. at length regarding this issue.

For these reasons, we conclude Katz has failed to demonstrate that the trial court committed reversible error in denying his <u>Brady</u> motion. We therefore affirm his convictions.

<u>Affirmed.</u>